IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| BOBBY FRANKLIN, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-70-MSH |
| | : | 28 U.S.C. § 2254 |
| Warden ELIJAH McCOY, | : | |
| | : | |
| Respondent. | : | |

# ORDER

Presently pending before the Court is Respondent's Motion to Dismiss Plaintiff's petition for habeas relief as untimely. (ECF No. 13.) Petitioner was notified of the filing of Respondent's Motion to Dismiss on September 13, 2011, (ECF No. 12) and filed a response to the motion on September 21, 2011. (ECF Nos. 21-22.) For the reasons described below, Respondent's motion is granted and Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is dismissed as untimely.[1]

## BACKGROUND

On May 18, 2006, in the Superior Court of Muscogee County, Petitioner Bobby Franklin pled guilty to one count of burglary and was sentenced to a split sentence of twenty years with eight to serve. (Pet. for Writ of Habeas Corpus 1, ECF No. 1.) Petitioner did not appeal this conviction or sentence. (*Id.* at 2.)

---

[1] The parties in this case filed their written consent for all proceedings to be conducted by the United States Magistrate Judge, including the entry of a final judgment directly appealable to the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 636(c)(3). (ECF No. 6.)

On August 7, 2008, Petitioner moved for state habeas relief in the Decatur County Superior Court. (Br. in Supp. of Mot. to Dismiss Pet. as Untimely Ex. 3 at 5, ECF No. 16-3)  The state court denied Petitioner's request for habeas relief on July 8, 2010. (Br. in Supp. Ex. 4, ECF No. 16-4.)  Petitioner sought a certificate of probable cause to appeal the denial of habeas relief, which was denied by the Georgia Supreme Court on January 14, 2011. (Br. in Supp. Ex. 5, ECF No. 16-5.)

Prior to filing his 2008 state habeas action, Petitioner filed a petition for habeas relief in this Court. (Br. in Supp. Ex. 6 at 3-4, ECF No. 16-6.)  Petitioner's April 8, 2008, federal application for habeas relief was filed on a 28 U.S.C. § 2241 form but was construed as an application for habeas relief pursuant to 28 U.S.C. § 2254. *Franklin v. Dep't of Corr.*, No. 4:08-cv-45, Order 1 (M.D. Ga. Apr. 14, 2008).  Petitioner's prior federal petition for relief was dismissed on October 21, 2008, for failure to exhaust state remedies. *Franklin v. Dep't of Corr.*, No. 4:08-cv-45, Order 1 (M.D. Ga. Oct. 21, 2008).  This second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was filed by Petitioner on June 20, 2011. (Pet. for Writ of Habeas Corpus 15.)

## DISCUSSION

**I.     The AEDPA limitations period**

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions. "The purpose of the AEDPA is not obscure. It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the . . . overloading of our federal criminal justice system, produced by various aspects of this

2

Court's habeas corpus jurisdiction." *Hohn v. United States,* 524 U.S. 236, 264-65 (1998). The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.
>
> . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Under the statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Thus, in order to determine whether a petition was timely filed, the Court "must determine (1) when the [collateral] motion was filed and (2) when [the] judgment of conviction became final." *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) (internal quotation marks and citation omitted) (alterations in original).

**II.   Petitioner's Application is outside the AEDPA one-year limitations period.**

Here, the limitations period has expired and Petitioner's petition is untimely. Under Georgia law, a notice of appeal must be filed "within 30 days after entry of the appealable decision or judgment . . . ." O.C.G.A. § 5-65-38. Petitioner was convicted and sentenced on May 18, 2006. (Pet. for Writ of Habeas Corpus 1.) Petitioner did not file an appeal, and his judgment became final on June 19, 2006. 28 U.S.C. §

2244(d)(1)(A); *see also, Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (explaining that defendant's judgment became final on "the date on which his 30-day right to appeal the . . . judgment expired"). Consequently, Petitioner's one-year AEDPA limitations period began to run on June 19, 2006, and expired on June 19, 2007.

Petitioner's state habeas corpus petition was not filed until August 7, 2008. (Pet. for Writ of Habeas Corpus 2.) This petition was filed over a year after the expiration of the AEDPA statute of limitations, and does not toll the statute of limitations for the federal habeas petition. *See Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000) (explaining that "[a] state court petition . . . that is filed following the expiration of the limitations period cannot toll [the AEDPA] period because there is no period remaining to be tolled"). Likewise, Petitioner's initial federal habeas petition filed on April 8, 2008, almost a year following the expiration of the AEDPA statute of limitations, does not toll the limitations period. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)[,] and therefore "[does] not toll the limitation period during the pendency of [petitioner's] first federal habeas petition."). This federal petition, filed June 20, 2011, over four years after the expiration of the limitations period fails to invoke the jurisdiction of this Court. Petitioner's application for habeas relief is therefore untimely and Respondent's motion to dismiss is granted.

### III. Certificate of Appealability

Rule 11(a) of Rules Governing Section 2254 Cases in the United States District

Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the merits of the petitioner's application for habeas relief, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *See Slack v. McDaniel*, 529 U.S. 473, 478 (2000).  Petitioner cannot meet this standard and, therefore, a certificate of appealability in this case is denied.

## CONCLUSION

For the reasons described above, Respondent's Motion to Dismiss is granted and Petitioner's action is dismissed as untimely.  Since Petitioner cannot meet the requisite standard, a certificate of appealability is denied.

SO ORDERED, this 24th day of October, 2011.

S/Stephen Hyles<br>
UNITED STATES MAGISTRATE JUDGE